## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | **Case No. 1:19-cr-00365-APM** |
| **v.** | **The Honorable Amit P. Mehta** |
| **CHRISTOPHER YOUNG** | |
| **Defendants.** | **UNDER SEAL** |

## GOVERNMENT'S MOTION *IN LIMINE* TO IMPEACH THE DEFENDANT WITH PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609

The United States of America, by and through its counsel, the United States Attorney for the District of Columbia, respectfully files this motion *in limine* to allow the government to impeach the defendant with prior convictions pursuant to Federal Rule of Evidence 609.

### RELEVANT BACKGROUND

On April 21, 2022, a Grand Jury returned a Superseding Indictment in this matter charging the Defendant with Sexual Exploitation of a Minor, in violation of 18 U.S.C. 2251(a), coercion and Enticement of a Minor, in violation of 18 U.S.C. 2422(b), First Degree Child Sexual Abuse, in violation of 22 D.C. Code 3008, and Second Degree Child Sexual Abuse, in violation of Second Degree Sexual Abuse.

On March 27, 2018, the defendant entered a guilty plea in case number 2018 CF3 670 to one count of Robbery in violation of 22 D.C. Code Section 2801, and one count of Attempt to Commit Robbery in violation of 22 D.C. Code Section 2802. On May 25, 2018, the defendant was sentenced to eighteen months' incarceration for the Robbery count, with twelve months suspended, and three years of supervised release. The defendant was sentenced to twelve months' incarceration for the Attempt to Commit Robbery count, with twelve months suspended and three years of supervised

1

release. If the defendant testifies, the government intends to use this prior conviction to impeach his credibility.

## LEGAL STANDARD

Rule 609 of the Federal Rules of Evidence allows "for the admission of a defendant's prior convictions for purposes of impeachment, so long as the 'crime . . . was punishable by death or by imprisonment for more than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its prejudicial effect." *United States v. Ford*, 15-cr-25 (PLF), 2016 WL 259640, at *7 (D.D.C. Jan. 21, 2016) (quoting *United States v. Moore*, 75 F. Supp. 3d 444, 453 (D.D.C. 2014) and Fed. R. Evid. 609(a)(1)). In addition, the Rule permits the admission of convictions for crimes where the punishment is less than one year if the conviction for the crime required proof of "a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The Rule also sets a higher bar for felonies where "more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). In those instances, admission is still appropriate if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). As our Court of Appeals has observed, Rule 609 "stresses admissibility." *United States v. Lewis*, 626 F.2d 940, 950 (D.C. Cir. 1980). "Courts should be reluctant to exclude otherwise admissible evidence that would permit an accused to appear before a jury as a person whose character entitles him to complete credence when his criminal record stands as direct testimony to the contrary." *Id.*

Under Federal Rule of Evidence 609, the Court should consider the factors set forth in *United States v. Pettiford*, 238 F.R.D. 33 (D.D.C. 2006). These factors are: (1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the witness' testimony to the case; (4) the importance of the credibility of the defendant; and (5) the general impeachment value of the prior

crime. *Pettiford*, 238 F.R.D. at 41 (citations omitted). "The idea underlying Rule 609, whether right or wrong, is that criminals are more likely to testify untruthfully." *Id.* at 42.

"Where the Court has already concluded that the jury should hear about these prior convictions under Rule 404(b), it does not need to consider their prejudicial effect for Rule 609 impeachment purposes." *Ford*, 2016 WL 25964099, at *7 (citation and punctuation omitted); *accord Moore*, 75 F. Supp. 3d at 456 (collecting federal circuit court cases declining to find prejudice based on the Government's additional use of a prior conviction for Rule 609 purposes where the trial court had already permitted the prior conviction for use in the Government's case-in-chief under Rule 404(b)).

### 1. Should The Defendant Testify, The Government Should Be Permitted to Use His Prior Conviction

In this case, should the defendant testify at trial, the government intends to impeach his testimony with evidence of his prior felony conviction in 2018 CF3 670. As an initial matter, the defendant's crimes — felonies punishable by more than one year of imprisonment — meets Rule 609's initial impeachment threshold. Furthermore, the foregoing conviction falls within the ten-year window provided in Rule 609. Accordingly, the government should be allowed to use them pursuant to Rule 609. *See Pettiford*, 238 F.R.D. at 42; *see also United States v. Moore*, 75 F. Supp. 2d 444, 453-54 (D.D.C. 2014) (discussing Rule 609 factors).

In *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983), the D.C. Circuit conducted an exhaustive review of the legislative history of Rule 609 and noted that "Congress believed that all felonies have some probative value on the issue of credibility," and held that "all felony convictions are probative of credibility to some degree." 702 F.2d at 1062 (emphasis omitted). Such convictions are particularly probative where, as here, a defendant's credibility is a central issue in the case, should he or she choose to testify at trial. *Id.* at 1071. The effect of prior convictions upon a juror's evaluation of witness testimony is well documented. The serious nature of the defendant's

3

prior offense may be considered by the jury as indicative of his lack of veracity as it is extremely probative of the defendant's respect for the law and is directly relevant to an examination of credibility. The government should, therefore, be entitled to challenge the defendant's credibility with his prior conviction. The probative value substantially outweighs any prejudice to the defendant, and any prejudice can be cured by an appropriate cautionary instruction to the jury by the Court.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney for the District of Columbia

By:       _/s/ Janani Iyengar_
              Janani Iyengar
              Assistant United States Attorney
              NY State Bar No. 5225990
              601 D Street, NW
              Washington, D.C.
              (202) 252-7760
              Janani.Iyengar@usdoj.gov

5

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing opposition has been served by e-filing upon counsel for the defendants, this 10th day of June, 2022.

_____/s/_____
Janani Iyengar

8